UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID M. NELSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-0220** |
| **STATE OF LOUISIANA** | **SECTION "A"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely .

### PROCEDURAL HISTORY

On March 15, 2005, petitioner, David Nelson, a prisoner incarcerated in Rayburn Correctional Center in Angie, Louisiana, was charged by bill of information with one count

of armed robbery and one count of aggravated battery.[1] On February 2, 2007, petitioner appeared in Orleans Parish Criminal District Court and pleaded *nolo contendere* (an *Alford* plea) to both counts.[2] On that same date, petitioner was ordered to serve concurrently-running sentences of fifteen (15) years at hard labor without benefit of parole, probation or suspension of sentence in connection with his armed robbery conviction and ten (10) years at hard labor in connection with his aggravated battery conviction.[3] Thereafter, petitioner had thirty (30) days within which to file a motion for an appeal in connection with his convictions and sentences. *See* La. Code Crim. P. art. 914. Petitioner, however, made no effort to seek a direct appeal. As such, petitioner's convictions and sentences were rendered final on March 9, 2007, after the thirty (30) days available to lodge an appeal expired. *See State v. Francois*, 945 So.2d 865, 870-871 (La. App. 3 Cir. 2006).

On or about April 17, 2008, petitioner filed a motion to set aside his *Alford* plea.[4] The district court denied petitioner's motion and there is no evidence that petitioner sought relief from a higher court in connection with the district court's adverse decision.[5]

---

[1] A copy of petitioner's bill of information is contained in the State rec., vol. 1 of 5.

[2] A copy of the docket master reflecting petitioner's plea, along with his *Boykin* form, is contained in the State rec., vol. 1 of 5.

[3] *See* docket master.

[4] This April 17, 2008 date was ascertained from the docket master, a copy of which is contained in the State rec., vol. 5 of 5. A copy of the actual motion is not contained in the State court record.

[5] *See* docket master.

On January 23, 2009, petitioner filed an application for post-conviction relief with the state district court.[6] On January 12, 2009, Orleans Parish Criminal District Court Judge Camille Buras issued a Judgment denying petitioner post-conviction relief.[7] On March 5, 2009, the Louisiana Fourth Circuit Court of Appeal, finding "no error in the district court's January 12, 2009 judgment", denied petitioner's writ application. *State v. Nelson*, No. 2009-K-0122 (La. App. 4 Cir. 2009) (unpublished opinion).[8] On January 8, 2010, the Louisiana Supreme Court similarly denied petitioner post-conviction relief. *State ex rel. Nelson v. State*, 24 So.3d 867 (La. 2010).

On March 24, 2009, petitioner filed with the state district court a motion to withdraw and/or set aside his *Alford* plea.[9] On April 2, 2009, Orleans Parish Criminal District Court Judge Camille Buras issued a Judgment denying petitioner's motion.[10] On April 22, 2009, the Louisiana Fourth Circuit Court of Appeal denied petitioner's writ application, providing: "We find no error in the district court's judgment, which denied Relator's Motion for Withdrawal

---

[6] A copy of petitioner's January 23, 2009 post-conviction application is contained in the State rec., vol. 3 of 5.

[7] A copy of the district court's Judgment is contained in the State rec., vol. 3 of 5. Obviously, the district court could not have denied petitioner's post-conviction application eleven days before it was filed. Either petitioner misdated his post-conviction application or the district court misdated its Judgement. This incongruity, however, does not affect the disposal of the instant habeas petition.

[8] A copy of the Louisiana Fourth Circuit's unpublished decision is contained in the State rec., vol. 3 of 5.

[9] A copy of petitioner's motion to withdraw is contained in the State rec., vol. 4 of 5.

[10] A copy of the district court's April 2, 2009 Judgment is contained in the State rec., vol. 4 of 5.

of and/or Setting Aside Plea of Guilt in that the motion was not timely filed. La. Code Crim. Proc. art. 930.8." *State v. Nelson*, No. 2009-K-0457 (La. App. 4 Cir. 2009) (unpublished opinion).[11] On January 8, 2010, the Louisiana Supreme Court likewise denied petitioner relief. *State ex rel. Nelson v. State*, 24 So.3d 863 (La. 2010).

On September 18, 2009, petitioner filed a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal contending that he filed on August 6, 2009, a motion to withdraw his guilty plea with the state district court and the district court had "failed to make a timely ruleing [sic] on his motion."[12] On November 2, 2009, the Louisiana Fourth Circuit Court of Appeal denied petitioner's writ application, providing: "Relator has failed to provide this Court with a copy of his motion to withdraw guilty plea, and the record contains no proof that his motion was filed in the district court." *State v. Nelson*, No. 2009-K-1284 (La. App. 4 Cir. 2009) (unpublished opinion).[13]

On January 14, 2010, petitioner filed the instant federal habeas corpus application.[14] In its response (rec. doc. 10), the State contends that petitioner's habeas application is subject

---

[11] A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 4 of 5.

[12] A copy of petitioner's writ of mandamus is contained in the State rec., vol. 2 of 5.

[13] A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 2 of 5.

[14] As petitioner did not sign his habeas application, his January 14, 2010 filing date was ascertained by utilizing the postmark date on the envelope in which his habeas petition was mailed.

to dismissal for several reasons, one being the fact that it is untimely. For the following reasons, the court agrees.[15]

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[16] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, because petitioner's time for seeking review expired March 9, 2007, his one-year limitation period commenced running on that date, giving him until March 9, 2008, to timely seek habeas corpus relief.

As noted above, petitioner did not file the instant action until January 14, 2010, almost two years after his expiration date. Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect

---

[15]This court need not address the alternative arguments offered by the State in support of its position that the instant action should be dismissed in light of the court's determination that the above-captioned matter is subject to dismissal as untimely.

[16]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It was not until on or about April 17, 2008, that petitioner purportedly filed with the state district court a motion to withdraw his *Alford* plea. At that point, petitioner's limitation period had already expired. Thus, the instant action appears to be time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this court's review of the record uncovered any such basis. Accordingly;

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of David Nelson be dismissed with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[17]

New Orleans, Louisiana, this __29th__ day of ___December___, 2010.

                                              LOUIS MOORE, JR.
                                              United States Magistrate Judge

---

[17]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.